UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL M WILLIAMS,<br>Plaintiff,<br>v.<br>SPECIALIZED LOAN SERVICING LLC, et al.,<br>Defendants. | Case No. 26-cv-11335-AGT<br><br>**ORDER OF REMAND** |

This action was removed from state court on October 2, 2026. Dkt. 1. The parties have consented to magistrate judge jurisdiction. Dkts. 8, 10. Because the Court concludes that it lacks subject matter jurisdiction, it remands the action to state court.

**A. Background**

Plaintiff filed a complaint in Alameda County Superior Court on September 1, 2026. Dkt. 1-1 at 1. She generally alleged that Defendants acted unlawfully in servicing, collecting, and foreclosing on a debt secured by real property she owns. *Id.* at 3. She also alleged that a foreclosure sale of her property was imminent. *Id.* at 9.

On September 11, Plaintiff filed an ex parte application for a temporary restraining order in state court. Dkt. 1 at ¶ 4. On September 18, the state court granted the temporary restraining order and set a hearing on a preliminary injunction for September 29. *Id.* On September 29, the state court continued the preliminary injunction hearing until October 29, 2026, and extended its temporary restraining order through that date. *Id.* Then, on October

2, 2026, Defendants removed the case to federal court. Plaintiff filed an application for a temporary restraining order in this court on October 21, 2026, but withdrew her application the next day. Dkts. 9 & 13.

## B. Legal Standard

Defendants' notice of removal invokes this court's diversity jurisdiction. Dkt. 1 at ¶¶ 7-8; *see also* 28 U.S.C. § 1441 (permissible bases for removal). Diversity jurisdiction requires both (i) complete diversity between the citizenship of the plaintiff and that of each defendant, and (ii) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining the complete diversity requirement).

In the Ninth Circuit, the removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). As a result, "the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## C. Discussion

### *1. Complete Diversity*

The Court first asks whether the parties are completely diverse. Plaintiff is a citizen of California. Dkt. 1 at 4; *see also* dkt. 1-1 at 3. Her complaint names four defendants: (i) Specialized Loan Servicing LLC (SLS); (ii) NewRez LLC dba Shellpoint Mortgage Servicing (NewRez); (iii) MEB Loan Trust IV, US Bank National Association (MEB Trust); and (iv) The Mortgage Law Firm, PLC. Dkt. 1-1 at 3-4.

The Court is satisfied that the first three defendants don't share Plaintiff's citizenship. Defendants' Notice of Removal states that the first two named defendants (NewRez and

SLS) are in fact a single limited liability company with citizenship in Delaware and New York. Dkt. 1 at ¶ 10. Defendant MEB Trust is a national banking association with citizenship in Delaware. *Id.* at ¶ 11.

The final defendant – The Mortgage Law Firm, PLC – presents a greater problem. Defendants' Notice of Removal doesn't discuss the firm's citizenship. *See generally id.* at ¶ ¶ 9-12. Instead, the Notice frames the firm as a "nonparty to this action." *Id.* at ¶ 5.

Based on the Court's investigation, The Mortgage Law Firm, PLC is a citizen of California. The Notice's proof of service lists a California address for the firm. *Id.* at 9. Public filings on the California Secretary of State's website also show that the firm is incorporated in California. *See* Articles of Incorporation of The Mortgage Law Firm, A Professional Law Corporation, available at https://bizfileonline.sos.ca.gov/search/business. These public government records are judicially noticeable. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010). Because a corporation is a citizen of the state in which it's incorporated for the purpose of diversity jurisdiction, 28 U.S.C. § 1332(c)(1), the firm is a citizen of California. A court in this district has previously looked to the same materials and drawn the same conclusion about the firm's California citizenship. *Yee v. Select Portfolio, Inc.*, Case No. 18-CV-02704-LHK, 2018 WL 2938877, at *4 (N.D. Cal. June 12, 2018) (finding The Mortgage Law Firm to be a California citizen based on addresses in filings and judicially noticeable articles of incorporation).

Because The Mortgage Law Firm and Plaintiff share California citizenship, there's no complete diversity here. Nevertheless, as mentioned previously, Defendants' Notice of Removal attempts to evade this obstacle by treating the firm as a "nonparty" or nominal defendant. Dkt. 1 at ¶ 5.

Nominal defendants are those who "have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citation omitted). They're excepted from complete diversity requirement, as well as the general requirement that all defendants in a removed action consent to the removal. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

In this vein, Defendants note that The Mortgage Law Firm filed a declaration of non-monetary status under California Civil Code Section 2924l in state court on September 28, 2026. Dkt. 1 at ¶ 5. They also state that the declaration wasn't contested by Plaintiff. *Id.* Defendants argue that this filing made The Mortgage Law Firm a "nonparty to this action," obviating its consideration as a defendant here. *Id.*

Section 2924l allows a "trustee under a deed of trust" to file a declaration of non-monetary status in any state action where it "maintains a reasonable belief that it has been named in the action … solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a). If another party to the action doesn't object within fifteen days after the declaration is served, the trustee isn't required to participate in the action and isn't subject to any damages award. *Id.* at (c), (d).

Defendants' argument has some merit. It's true that some federal courts have treated parties who properly file uncontested declarations of non-monetary status under Section 2942l as nominal, ignoring their citizenship and consent in the diversity jurisdiction analysis

upon removal. *See Amaro v. Option One Mortg. Corp.*, C.D. Cal., Jan. 14, 2009, No. EDCV08-1498VAP(AJWX)) 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009).

Nevertheless, the Court concludes there are two reasons why The Mortgage Law Firm shouldn't be treated as a nominal defendant here. First, Defendants' Section 2942 argument – the only argument they advance in their notice for disregarding the firm as a defendant – is procedurally defective. Second, the record before the Court prevents it from otherwise concluding that the firm is a nominal party.

The Mortgage Law Firm's declaration of nonmonetary status is procedurally defective for the purposes of this Court's nominal party analysis, because the fifteen-day period under the statute didn't run before the case was removed. The statute's text clearly provides that a party obtains nonmonetary status only "[i]n the event that no objection is served within the 15-day objection period." Cal. Civ. Code § 2924l(d). Therefore, a party doesn't become a nonmonetary (or nominal) party under this framework until fifteen days pass from the date of service without another party's objection. But Defendants didn't wait fifteen days before removing this action. Here, The Mortgage Law Firm filed its declaration on September 28, 2026, and Defendants removed four days later, on October 2, 2026. Dkt. 1.

That timing is problematic. Jurisdiction over a removed action is evaluated at the time of removal. *Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013). By extension, parties must show that diversity of citizenship existed at the time of removal. *Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF (JCGx), 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011). Here, because Defendants removed only four days after The Mortgage Law Firm filed its declaration and before the fifteen-day objection period had expired, the firm had "not yet become a nominal party by virtue of its declaration of non-monetary status." *Silva*,

2011 WL 2437514 at *4. Numerous district courts within California have declined to afford nominal status to defendants who prematurely removed actions before the fifteen-day period in Section 2924l expired. *See Jenkins v. Bank of Am., N.A.*, No. CV 14–04545 MMM (JCx), 2015 WL 31114, at *6-8 (C.D. Cal. Jan. 26, 2015) (collecting cases). Accordingly, because The Mortgage Law Firm wasn't a nominal party at the time of removal, its California citizenship remains within the scope of this Court's jurisdictional analysis, violates the complete diversity requirement, and bars the exercise of diversity jurisdiction here.[1]

Second, even absent this procedural defect rendering Section 29421 inapplicable, the Court is skeptical about treating The Mortgage Law Firm as a nominal defendant here.[2] Although a trustee "is often a nominal party," *Silva*, 2011 WL 2437514 at *5, "an exception is made where the complaint contains substantive allegations against the trustee or seeks to recover money damages from the trustee." *Newman v. Select Portfolio Servicing, Inc.*, Case No. C–13–03685 JSC, 2013 WL 5708200, at *3 (N.D. Cal. Oct. 21, 2013).

Such is the case here. Based on the record before it, the Court cannot satisfactorily conclude that the firm's role in this case is only nominal. Plaintiff generally alleges "[d]efendants' unlawful conduct" in the proceedings involving her property, and that "[e]ach Defendant was acting in concert with each remaining Defendant in all matters alleged." Dkt. 1-1 at 3-4. Defendant brings her first and sixth causes of action against "all defendants." *Id.*

---

[1] Even if this threshold jurisdictional defect didn't exist, defendants couldn't revisit the issue in this forum. Because Section 2924l is state procedural law, it's "inapplicable [in federal court] under the *Erie* doctrine." *Kennedy v. PLM Lender Servs., Inc.*, No. C 10–04942 WHA, 2012 WL 1038632, at *6-7 (N.D. Cal. Mar. 27, 2012). Thus, "nonmonetary status may not be granted in federal court." *Daniels v. Wells Fargo Bank, N.A.*, No. CV 12–5289 PSG (FMOx), 2012 WL 10649202, at *4 (C.D. Cal. Sept. 11, 2012).

[2] It's Defendants' burden to show jurisdiction exists here. Defendants only raise Section 29421 in their Notice. Dkt. 1 at ¶ 5. The failure of that argument alone is enough to return the case to state court. Nevertheless, this additional point underlines the Court's disposition.

at 9, 6. Her complaint seeks money damages and a judgment "against Defendants." *Id.* at 15. On these allegations, the Court can't say the firm is only a functionary.

**D. Conclusion**

In sum, Defendants haven't carried their burden to prove complete diversity, and by extension diversity jurisdiction. *Nishimoto*, 903 F.2d at 712 n.3.[3] Because the Court lacks jurisdiction over the case, it remands this action to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Alex G. Tse
United States Magistrate Judge

[3] Although the failure to establish complete diversity is enough to return this case to state court, the Court also notes it isn't convinced that the amount in controversy requirement is met here. Defendants allege that the unpaid amount secured by Plaintiff's property is $86,800.92, and that this independently satisfies the amount in controversy requirement. Dkt. 1 at ¶ 16. But looking to the face of the complaint, *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018), there are reasons to question that number. Plaintiff seeks damages of $25,000, declaratory and injunctive relief, and attorney fees. Dkt. 1-1 at 15. She also alleges the amount Defendants claim she owes has "fluctuated materially … from approximately $60,000 to $80,000 or more." *Id.* at 8. In the face of this uncertainty, Defendants' stated amount doesn't convince the Court. And while common sense dictates that the injunctive relief Plaintiff seeks to stop the sale of her property would have substantial value, the Ninth Circuit has directed district courts to exercise caution in calculating amounts in controversy where a plaintiff seeks a temporary injunction of the foreclosure process. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *see also* dkt. 1-1 at 15 (seeking "injunctive relief restraining Defendants from proceeding with foreclosure of the Subject Property unless and until the violations alleged herein have been corrected."). "[T]he amount in controversy in such cases does not equal the value of the property or amount of indebtedness." *Corral*, 878 F.3d at 776.